1  SEYFARTH SHAW LLP
   Joshua A. Rodine (SBN 237774)
2  jrodine@seyfarth.com
   Orly Z. Elson (SBN 240645)
3  oelson@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:   (310) 201-5219

6  Attorneys for Defendant
   DELAWARE NORTH COMPANIES TRAVEL
7  HOSPITALITY SERVICES, INC.

8

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

   ROSE CURRY, an individual,                Case No. 2:21-cv-2694 _____
13
              Plaintiff,                      **DEFENDANT'S NOTICE OF
14                                            REMOVAL OF CIVIL ACTION TO
         v.                                   UNITED STATES DISTRICT
15                                            COURT PURSUANT TO
   DELAWARE NORTH COMPANIES                   DIVERSITY OF CITIZENSHIP
16 TRAVEL HOSPITALITY SERVICES,               JURISDICTION [28 U.S.C.
   INC., a Delaware corporation; and DOES 1  SECTIONS 1332 AND 1441]**
17 through 25, inclusive,

18            Defendants.                      Complaint Filed:  February 11, 2021
                                              Trial Date:        None Set
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                    DEFENDANT'S NOTICE OF REMOVAL
68612771v.2

To the United States District Court for the Central District of California and to Plaintiff and her attorneys of record:

Please take notice that Defendant Delaware North Companies Travel Hospitality Services, Inc. ("Delaware North" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On  February 11, 2021 Plaintiff Rose Curry ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Rose Curry v. Delaware North Companies Travel Hospitality Services, Inc., and DOES 1 through 25, inclusive*, designated as Case No. 21STCV05579. In the Complaint, Plaintiff alleges seven causes of action: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Prevent Discrimination in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Failure to Accommodate in Violation of FEHA; (5) Failure to Engage in Interactive Process in Violation of FEHA; (6) Discrimination and Retaliation in Violation of CFRA; and (7) Wrongful Termination in Violation of Public Policy.

2.    On February 25, 2021, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached as **Exhibit 1.**

3.    On March 26, 2021, Defendant filed its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer filed in Los Angeles County Superior Court is attached as **Exhibit 2**.

4.    **Exhibits 1 and 2** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. (Declaration of Orly Z. Elson ["Elson Dec."] ¶ 3.) Aside from the case management

2

68612771v.2

conference scheduled for May 17, 2021, there are no pending hearings currently scheduled in the Los Angeles County Superior Court in the state court action. (Elson Dec. ¶ 3.)

## II.  TIMELINESS OF REMOVAL

5.      This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Delaware North, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 2.)

## III.  JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.      The Court also has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      **Plaintiff's Citizenship.** "An individual is a citizen of the state in which she is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

8.      At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of California. Plaintiff alleges in the Complaint that she "is, and at all relevant times herein was, a natural person residing in Los Angeles County, State of California." (Compl. ¶ 1.) Plaintiff alleges she was employed by Delaware North within the State of California from approximately 2014 until 2020. (Compl. ¶¶ 12, 21.) Plaintiff's home address during the period when she worked at Delaware North was

3

within the State of California. (Declaration of Lili Galicia ["Galicia Dec."] ¶ 3.) There are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a domiciliary or citizen of any state other than California. (Galicia Dec. ¶ 3.)

9.    **Defendant's Citizenship.** For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities …. [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10.    Delaware North is and was at the time of the institution of this civil action, a corporation formed under the laws of the State of Delaware and has its headquarters and its principal place of business in Buffalo, New York. (Galicia Dec. ¶¶ 4, 5.)

11.    The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

12.    Under the "nerve center" test, New York emerges as Delaware North's principal place of business. Defendant's corporate headquarters and/or operations are located in Buffalo, New York where Defendant's high level officers direct, control, and coordinate Defendant's activities. (Galicia Dec. ¶ 5.) Defendant's high level corporate

1   officers maintain offices in New York, and many of Defendant's corporate level

2   functions are performed in the New York office. (Galicia Dec. ¶ 5.) Additionally, many

3   of Defendant's executive and administrative functions, including corporate finance and

4   accounting, are directed from Buffalo, New York. (Galicia Dec. ¶ 5.)

5       13.     Accordingly, pursuant to 28 U.S.C. section 1332(c), Delaware North is a

6   citizen of Delaware and New York for diversity purposes.

7       14.     Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties

8   in interest properly joined and served as defendant is a citizen of the State in which [this]

9   action is brought." Pursuant to 28 U.S.C. section 1441(a) the citizenship of defendant

10  sued under a fictitious name shall be disregarded. The inclusion of "Doe" defendants in

11  Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors*

12  *Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes

13  of removal, the citizenship of defendant sued under a fictitious name shall be

14  disregarded). In determining whether diversity of citizenship exists, only the named

15  defendant is considered. *Ibid*.

16      15.     **Amount in Controversy.** While Delaware North denies any liability as to

17  Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is

18  satisfied because "it is more likely than not" that the amount exceeds the jurisdictional

19  minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*,

20  102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not

21  specify a particular amount of damages, the defendant must provide evidence establishing

22  that it is "more likely than not" that the amount in controversy exceeds the requisite

23  threshold).

24      16.     Where a complaint does not allege a specific amount in damages, the

25  removing defendant bears the burden of proving by a *preponderance of the evidence* that

26  the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem.*

27  *Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d

28  696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal

5

context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

17.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

18.     In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)

1    ("amount in controversy" includes claims for general and special damages, including

2    attorneys' fees and punitive damages).

3         19.    The calculations supporting the amount in controversy are based on

4    Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming,

5    without any admission, the truth of any of the allegations, and assuming liability (which

6    is disputed) based on Plaintiff's theory of recovery.

7         20.    **Compensatory Damages.** In her Complaint, Plaintiff seeks to recover

8    compensatory damages including "general damages" for the alleged discrimination,

9    retaliation, failure to prevent harassment, failure to accommodate, failure to engage in the

10   interactive process and wrongful termination. (Prayer for Relief, (b).)

11        21.    Plaintiff worked as the General Manager for Defendant's Travel Hospitality

12   unit at the Los Angeles International Airport ("LAX") in Los Angeles, California.

13   (Compl. ¶ 14; Galicia Dec. ¶ 6.) Plaintiff's annual salary at the time of her termination

14   was approximately $102,000, not including benefits. (Galicia Dec. ¶ 6.) Plaintiff alleges

15   she was terminated on July 21, 2020. (Compl. ¶ 21.) Conservatively estimating a

16   February 2022 trial date (twelve months after the Complaint was filed), Plaintiff's alleged

17   lost wages alone would amount to approximately $153,000; i.e., one and a half years

18   between her alleged termination and trial.[1]

19        22.    In addition to back pay, a plaintiff who prevails on a claim for wrongful

20   termination or discriminatory discharge of employment may be entitled to either

21   reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino*

22   *v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court

23   has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of*

24   *America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev.

25   Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James*

26   *v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2,

27   n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time

28   _____

[1] $102,000 x 1.5 years.

DEFENDANT'S NOTICE OF REMOVAL

of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

23.     An award of three years' front pay would entitle Plaintiff to more than $300,000 in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $450,000.

24.     **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 31, 37, 43, 48, 54, 60, 70, and Prayer for Relief, (a).) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

25.     In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See*, *e.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991

(Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp*., 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp*., No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

26.   **Attorney's Fees.** Plaintiff claims statutory entitlement to attorney's fees. (Compl. Prayer for Relief, (d).) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ*., 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts five FEHA claims against Defendant in the Complaint. (Compl. First through Fifth Causes of Action.)

27.   Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Elson Dec. ¶ 4.) Here, if Plaintiff prevails, she could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, Courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. S*ee*, *e.g.*, *Crawford v. DIRECTV, Inc*.,

DEFENDANT'S NOTICE OF REMOVAL

No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

28.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶ 30,36, 42, 47, 53, 59, 69, and Prayer for Relief, (e).) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

29.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See*, *e.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

30.    In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

68612771v.2

31.     Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

**IV.     VENUE**

32.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. In addition, the action arose in the County of Los Angeles because the facility where Plaintiff worked is in Los Angeles, California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**V.     NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT**

33.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

**VI.     PRAYER FOR REMOVAL**

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.


DATED: March 29, 2021                    SEYFARTH SHAW LLP


By: _____
        Orly Z. Elson
        Attorneys for Defendant
        DELAWARE NORTH COMPANIES
        TRAVEL HOSPITALITY SERVICES,
        INC.

11

68612771v.2

EXHIBIT 1

21STCV05578

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Malcolm Mackey

Electronically FILED by Superior Court of California, County of Los Angeles on 02/11/2021 01:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  HENRY A. ELYASHAR (State Bar No. 296074)
   henry@elyasharlaw.com
2  **ELYASHAR LAW FIRM**
3  18345 Ventura Blvd, Suite 500
   Tarzana, California 91356-4245
4  (818) 584 – 2617 | Telephone
   (818) 705 – 1076 | Fax
5

6  SA'ID VAKILI (State Bar No. 176322)
   vakili@vakili.com
7  **VAKILI & LEUS, LLP**
   3701 Wilshire Boulevard, Suite 1135
8  Los Angeles, California 90010-2822
   (213) 380 – 6010 | Telephone
9  (213) 380 – 6051 | Fax

10 *Attorneys for Plaintiff Rose Curry*

11

12          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              IN AND FOR THE COUNTY OF LOS ANGELES

14 ROSE CURRY, an individual,            Case No. 21STCV05578

15          Plaintiff,                   *[Complaint seeks over $25,000 in Damages]*

16 vs.                                   **COMPLAINT FOR:**

17                                       (1) **DISABILITY DISCRIMINATION IN
                                             VIOLATION OF FEHA;**
18 DELAWARE NORTH COMPANIES TRAVEL
   HOSPITALITY SERVICES, INC., a Delaware   (2) **FAILURE TO PREVENT
19 corporation; and DOES 1 through 25, inclusive,   DISCRIMINATION IN VIOLATION OF
                                             FEHA;**
20          Defendants.                   (3) **RETALIATION IN VIOLATION OF
                                             FEHA;**
21                                        (4) **FAILURE TO ACCOMMODATE IN
22                                            VIOLATION OF FEHA;**
                                          (5) **FAILURE TO ENGAGE IN
23                                            INTERACTIVE PROCESS IN
                                             VIOLATION OF FEHA;**
24                                        (6) **DISCRIMINATION AND
                                             RETALIATION IN VIOLATION OF
25                                            CFRA;**
                                          (7) **WRONGFUL TERMINATION IN
26                                            VIOLATION OF PUBLIC POLICY;**

27                                        **DEMAND FOR JURY TRIAL**

28

   Case No.                         1
                              COMPLAINT

2

1    Plaintiff Rose Curry ("Curry" or "Plaintiff"), for her Complaint against defendants Delaware North

2  Companies Travel Hospitality Services, Inc. ("Delaware North" or "Defendant Employer") and DOES 1

3  through 25, inclusive (collectively, "Defendants"), alleges as follows:  Some or all of the allegations

4  contained in the following numbered paragraphs are alleged on information and belief: 2, 3, 5-8, 10, 28-

5  30, 34-36, 41, 42, 46, 47, 52, 53, 58, 59, 68, and 69.

6                                                    **THE PARTIES**

7         1.      Plaintiff Rose Curry is, and at all times relevant herein was, a natural person residing in Los

8  Angeles County, State of California.

9         2.      Plaintiff is informed and believes, and on that basis alleges, that defendant Delaware North

10  Companies Travel Hospitality Services, Inc. is a Delaware corporation, headquartered in Buffalo, New

11  York, with business operations at Los Angeles International Airport in Los Angeles, California.

12        3.      At all times relevant to this complaint, Delaware North was and is an "employer" as that

13  term is defined by California *Government Code* ("*Gov. Code*") § 12926(d).

14        4.      At all times relevant to this complaint, Plaintiff was employed by Defendant Employer and

15  was therefore an "employee" as that term is defined by California *Gov. Code* § 12926(c).

16        5.      Plaintiff does not know the true names and capacities of the defendants sued herein under

17  the fictitious names DOES 1 through 25, inclusive, and Plaintiff therefore sues said defendants by such

18  fictitious names pursuant to Section 474 of the California *Code of Civil Procedure*.  Each of the defendants

19  designated as a Doe herein was the agent and/or alter ego of each of the remaining defendants or is in

20  some manner the cause or contributing cause or is otherwise responsible for the events and occurrences

21  herein described, and for the injuries and damages that have been, are being, and will be sustained by

22  Plaintiff as herein alleged.  Plaintiff will seek leave to amend this Complaint to allege the true names and

23  capacities of the Doe Defendants, together with such allegations as may be appropriate, when the same

24  have been ascertained.

25        6.      Each of the defendants named herein is in some manner responsible for the acts alleged

26  herein, and that at all times mentioned herein, each of the defendants was the agent, servant, employee,

27  representative, joint-venturer, co-conspirator, alter-ego, principal, employer or master of each other

28  defendant herein, and further, was acting within the scope of such agency, servitude, employment,

representation or capacity and/or for the benefit of each other defendant in doing the acts herein alleged.

Case No.                                    2
                                    COMPLAINT

3

1   Each and every act, failure to act or omission alleged to have been performed by any defendant was done

2   with the authority, permission, or knowledge of each of the other defendants, or alternatively, that each

3   act, failure to act, or omission alleged to be attributable to any defendant herein was within the course and

4   scope of such agency and employment and ratified by each of the remaining defendants.

5       7.      At all times relevant herein, each of the Defendants, including each and every fictitiously

6   named defendant, conspired with, aided and abetted, and/or acted in concert with each and every other

7   defendant to harm, injure, and damage Plaintiff as hereinafter alleged and, in furtherance of the aforesaid

8   conspiracy or other plan, each and every defendant engaged in one or more of the overt acts hereinafter

9   alleged.

10      8.      Each of the Defendants knew, or in the exercise of reasonable care could and should have

11  known, of the existence of the facts by reason of which liability herein is alleged to exist.

12      9.      This Court has subject matter jurisdiction over the claims raised herein, pursuant to Article

13  VI, Section 10 of the California Constitution, as the claims contain causes of action under California law

14  which are not given by statute to the jurisdiction of any other court.  This Court also has subject matter

15  jurisdiction under California *Gov. Code* § 12965(b) for claims arising under the California Fair

16  Employment and Housing Act, California *Gov. Code* §§ 12940, *et seq.* ("FEHA"), and the California

    Family Rights Act, Cal. *Gov. Code* §§ 12945.2, *et seq.* ("CFRA").

17      10.     Venue as to each defendant is proper in this judicial district, pursuant to California *Code of*

18  *Civil Procedure* § 395 as the subject causes of action arose, in whole or part, in the County of Los Angeles;

19  the subject occurrences, events, and acts substantially took place, and caused damages in this judicial

20  district; and the Defendants caused injuries and damages to Plaintiff in this judicial district.  Furthermore,

21  Defendants in all respects acted as the employer and/or joint employer of Plaintiff in this judicial district.

22      11.     Plaintiff has taken the necessary steps to exhaust her administrative remedies by filing a

23  timely charge of discrimination with the California Department of Fair Employment and Housing

24  ("DFEH"), received a Right-to-Sue Letter from the DFEH, and timely filed this action.

25                          **FACTUAL ALLEGATIONS**

26      12.     Plaintiff was hired as a department manager by Delaware North on or around February 21,

27  2014.

28  ///

Case No.                                    3
                                        COMPLAINT

4

13.   Plaintiff always put in great effort to ensure her job was done correctly and to the satisfaction of her employer. Her work was done so well that she was promoted to assistant general manager less than one year into her tenure.

14.   Plaintiff was again promoted in September 2018, this time to general manager.

15.   Plaintiff regularly received recognition for her great work in the form of bonuses and awards.

16.   In addition to recognition from Defendant Employer, Plaintiff's peer reviews were also excellent.

17.   Plaintiff worked, on average, approximately fifteen (15) hours per day and seven (7) days per week.

18.   On or about July 3, 2020, Plaintiff injured herself while working.

19.   On or about July 6, 2020, Plaintiff requested time off to heal and recuperate from her injuries.

20.   Plaintiff took off time to recuperate from her injuries beginning the week of July 14, 2020.

21.   On or about July 21, 2020 Plaintiff attempted to return to work but was terminated upon returning to work by the Regional Vice President, Chris Agny.

22.   Prior to her termination, Plaintiff had not previously received any disciplinary action during her entire employment with Defendant Employer.

23.   On or around September 24, 2020, Plaintiff filed a worker's compensation claim.

**FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**(Against All Defendants)**

24.   Plaintiff re-alleges and incorporates by reference paragraphs 1 to 23 of this Complaint as though fully set forth herein.

25.   Defendant Employer was an employer within the meaning of FEHA.

26.   California *Gov. Code* § 12940(a) makes it an unlawful employment practice for an employer to discharge an employee from employment or to otherwise discriminate against an employee in compensation or in terms, conditions, privileges of employment because of the employee's physical disability. California *Gov. Code* § 12926(l) defines "physical disability" to include, among other definitions: (1) any disease, disorder, or condition, which affects one part of the body's systems and limits

Case No.                                       4
                                      COMPLAINT

a major life activity; or (2) being regarded or treated by the employer as having a physical disability; or (3) being regarded or treated by the employer as having a physical disability which has no present disabling effect but may become a physical disability.

27.   At all times herein, Plaintiff was an individual with a physical disability fully qualified and competent to perform the job duties to which she was assigned and was performing those job duties before the unlawful conduct on the part of Defendants occurred, as alleged herein.

28.   Defendants, through their acts and omissions, discriminated against Plaintiff because of her physical disability in violation of California *Gov. Code* § 12940(a) by engaging in conduct more fully set forth in the preceding paragraphs.

29.   Defendants' course of conduct included, but was not limited to, terminating Plaintiff's employment because of her physical disability and because she took time off work to treat her disability. Defendant only offered the pretextual reason that she was terminated for not timely filing expense reports and it is apparent Defendants chose to do so in order to discriminate and retaliate against Plaintiff in violation of the rights protected by FEHA.

30.   In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

31.   As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA**
**(Against All Defendants)**

32.   Plaintiff re-alleges and incorporates by reference paragraphs 1 to 31 of this Complaint as though fully set forth herein.

33.   California *Gov. Code* § 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring. At all times herein, Plaintiff was: (1) an individual with a physical disability fully qualified and competent to perform the job duties to which she was assigned; (2) had a disability of which Defendants were aware; and (3) was performing those job duties before the unlawful conduct alleged herein.

Case No. _____   5
                        COMPLAINT

34.     Defendants, through their acts and omissions, violated California *Gov. Code* § 12940(k) by engaging in the course of conduct more fully set forth in the preceding paragraphs.

35.     Defendants, in violation of FEHA, failed to take all reasonable steps to prevent discrimination against Plaintiff because of her disability and because she took medical leave.

36.     In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

37.     As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
#### (Against All Defendants)

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 to 37 of this Complaint as though fully set forth herein.

39.     California *Gov. Code* § 12940(h) makes it an unlawful employment practice for an employer to retaliate against any person because "the person has opposed any practices" forbidden by FEHA.

40.     Plaintiff was a disabled individual qualified and competent to perform the essential duties to which she was assigned.  Before her disability, Plaintiff was performing those job duties, was a person with a disability of which Defendants were aware, and was capable and competent to perform the essential functions of the job to which she was assigned.

41.     Following Plaintiff's medical leave, Defendants knowingly and intentionally retaliated against Plaintiff by terminating Plaintiff's employment because of Plaintiff's physical disability and because she took qualified medical leave.  Plaintiff alleges that only the pretextual reason that she was terminated for not timely filing expense reports was given, and Defendants' true intent was to discriminate and retaliate against Plaintiff in violation of the rights protected by FEHA.

42.     In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

Case No. _____     6
COMPLAINT

43.    As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA
### (Against All Defendants)

44.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 43 of this Complaint as though fully set forth herein.

45.    California *Gov. Code* § 12940(m) makes it an unlawful employment practice for an employer to fail to reasonably accommodate for the known physical disability of an employee.  At all times herein, Plaintiff was an individual with a physical disability fully qualified and competent to perform the job duties to which she was assigned, had a disability of which Defendants were aware, and was performing those job duties before the unlawful conduct alleged herein.

46.    Defendants violated California *Gov. Code* § 12940(m) by failing to reasonably accommodate Plaintiff's known physical disability by, among other things, refusing to engage in a meaningful interactive process with Plaintiff about her physical disability; and ultimately terminating her employment rather than accommodating her disability.

47.    In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

48.    As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE/ENGAGE
### IN THE INTERACTIVE PROCESS
### IN VIOLATION OF FEHA
### (Against All Defendants)

49.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 48 of this Complaint as though fully set forth herein.

Case No.                                        7
                                         COMPLAINT

50. California *Gov. Code* § 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process to determine a reasonable accommodation for an employee with a known disability. California *Gov. Code* § 12926.1 sets forth the legislative intent of the importance of the interactive process to determine the best reasonable accommodation for an employee with a physical disability.

51. At all times herein, Plaintiff was an individual with a physical disability who was fully qualified and competent to perform the job duties to which she was assigned, had a disability of which Defendants were aware, and was performing those job duties before the unlawful conduct as alleged herein.

52. Defendants violated California *Gov. Code* § 12940(n) by failing to engage in good faith in the timely interactive process to determine reasonable accommodations for Plaintiff's known physical disability by among other things: (1) refusing to reasonably accommodate Plaintiff's physical disability even though Defendants knew her disability would not interfere with her ability to perform the job-related functions of her position; (2) refusing to engage in a meaningful interactive process with Plaintiff about her physical disability; and (3) ultimately terminating Plaintiff's employment, all because of Plaintiff's physical disability,  because she took medical leave, and because she requested that Defendants accommodate her disability.

53. In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

54. As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### DISCRIMINATION AND RETALIATION IN VIOLATION OF CFRA
### (Against All Defendants)

55. Plaintiff realleges and incorporates by reference paragraphs 1 to 54 of her Complaint as though fully set forth herein.

56. California *Gov. Code* § 12945.2(l) makes it an unlawful employment practice for an "employer to … discharge … or discriminate against, any individual because of … an individual's

Case No.                                        8
                              COMPLAINT

9

exercise of the right to family care and medical leave." Section 12945.2(t) makes it an unlawful employment practice for an employer to interfere with, restrain or deny the exercise of any rights under the CFRA including the right to reinstatement of an employee to the same or a comparable position upon the termination of the leave. At all times relevant herein, Plaintiff was entitled to take up to 12 weeks of family medical leave in any 12-month period, having over 12 months of service with Defendants and over 1,250 hours of service in the 12-month period preceding the need for family and medical leave, as required by California *Gov. Code* § 12945.2(a).

57.     Plaintiff required family medical leave, as more fully set forth in the preceding paragraphs, for her own serious health condition. Plaintiff provided her employer, Defendants, with the appropriate notice necessary to invoke her CFRA rights and to request CFRA-protected leave.

58.     Defendants retaliated against Plaintiff for taking protected medical leave by terminating her employment. Plaintiff alleges the Defendants' true intent in terminating Plaintiff's employment was to discriminate and retaliate against Plaintiff in violation of the rights protected by CFRA.

59.     In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

60.     As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

61.     Plaintiff realleges and incorporates by reference paragraphs 1 to 60 of her Complaint as though fully set forth herein.

62.     At all times herein mentioned, California *Labor Code* § 132a was in full force and effect and was binding on Defendants. This section requires Defendants to refrain from discriminating against any employee who is injured in the course and scope of his/her employment. As a direct and proximate cause thereof, Plaintiff was caused to and did suffer lost wages and fringe benefits and was terminated from any and all gainful employment by Defendants.

Case No. _____ 9
COMPLAINT

63. California *Labor Code* § 132a provides:

It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.

(1) Any employer who discharges, or threatened to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

64. At all times material to this Complaint, Plaintiff was an employee entitled to the protections of the above-referenced *Labor Code* section.

65. During the course of Plaintiff's employment, Defendants committed discriminatory acts after Plaintiff was injured in the course and scope of her employment.

66. Defendants terminated Plaintiff's employment shortly after Plaintiff's reporting of her workplace injury.

67. Defendants were motivated to terminate Plaintiff's employment on grounds that violate California's public policies against terminating an employee in violation of California *Labor Code* § 132a. (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.)

68. All of the foregoing and following actions taken towards Plaintiff as alleged herein were carried out by Defendants in a deliberate, cold, callous, malicious, oppressive and intentional manner in order to injure and damage Plaintiff.

69. In taking the actions alleged herein, Defendants acted with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights, and this entitles Plaintiff to receive punitive damages against Defendants.

70. As a result of the wrongful conduct of Defendants, Plaintiff did suffer humiliation, emotional distress, and mental and physical anguish, all to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

///

///

Case No.                                    10
                                    COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.    For special damages, in an amount to be proven at trial;

b.    For general damages, in an amount to be proven at trial;

c.    For prejudgment interest as provided for by law;

d.    For attorneys' fees to the extent permitted by law;

e.    For punitive damages;

f.    For costs of suit incurred herein; and,

g.    For such other and further relief as the Court deems just and proper.

Dated:  February 11, 2021

ELYASHAR LAW FIRM

VAKILI & LEUS, LLP

By:

Sa'id Vakili, Esq.
*Attorneys for Plaintiff Rose Curry*

Case No.                                      11
                                    COMPLAINT

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated:  February 11, 2021

ELYASHAR LAW FIRM

VAKILI & LEUS, LLP

By: _____

Sa'id Vakili, Esq.
*Attorneys for Plaintiff Rose Curry*

Case No. _____  12

COMPLAINT

# EXHIBIT 2

1 | SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
2 | jrodine@seyfarth.com
Orly Z. Elson (SBN 240645)
3 | oelson@seyfarth.com
2029 Century Park East, Suite 3500
4 | Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
5 | Facsimile:    (310) 201-5219

6 | Attorneys for Defendant
DELAWARE NORTH COMPANIES TRAVEL
7 | HOSPITALITY SERVICES, INC.

8

9

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

11

12

13 | ROSE CURRY, an individual,

14 | Plaintiff,

15 | v.

16 | DELAWARE NORTH COMPANIES TRAVEL
HOSPITALITY SERVICES, INC., a Delaware
corporation; and DOES 1 through 25, inclusive,

17 |

18 | Defendants.

Case No. 21STCV05578

**DEFENDANT DELAWARE NORTH
COMPANIES TRAVEL HOSPITALITY
SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

Complaint Filed:  February 11, 2021
Trial Date:        None Set

19

20 | Defendant Delaware North Companies Travel Hospitality Services, Inc. ("Defendant") for itself

21 | and no other entity, hereby answers the unverified Complaint of Plaintiff Rose Curry ("Plaintiff") as

22 | follows:

23 | **GENERAL DENIAL**

24 | Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies,

25 | generally and specifically, each and every allegation, statement, matter and each purported cause of

26 | action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally

27 | and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by

28 | reason of any acts or omissions of Defendant.

**SEPARATE AND ADDITIONAL DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.        Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

**(Statute of Limitations)**

2.        The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 335.1, 338(a), 339, 340 and California Government Code Sections 12960(d) and 12965(d).

**THIRD DEFENSE**

**(Estoppel)**

3.        Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by her conduct and actions to claim any right to damages or any relief against Defendant.

**FOURTH DEFENSE**

**(Unclean Hands)**

4.        Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

**FIFTH DEFENSE**

**(Laches)**

5.        Plaintiff's claims are barred, in whole or in art, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

68612948v.3

1

**SIXTH DEFENSE**

**(Failure To Exhaust Administrative Remedies)**

6.     Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust her administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges she filed, if any, with appropriate governmental agencies.

**SEVENTH DEFENSE**

**(After-Acquired Evidence)**

7.     To the extent discovery may disclose information which could serve as a basis for the alleged termination of Plaintiff's employment, which Defendant denies, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

**EIGHTH DEFENSE**

**(Failure to Mitigate Damages)**

8.     Plaintiff's Complaint and each cause of action alleged therein are barred, or should be reduced, to the extent Plaintiff failed to mitigate her damages as required by law.

**NINTH DEFENSE**

**(Workers' Compensation Act Preemption)**

9.     To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

**TENTH DEFENSE**

**(Failure to Take Advantage of Preventive/Corrective Opportunities)**

10.     Defendant exercised reasonable care to prevent and/or correct any harassing, discriminatory, and retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein are barred or, alternatively, her relief is limited.

3

68612948v.3

## ELEVENTH DEFENSE

### (Legitimate Business Justification/Mixed Motive)

11.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein are barred because assuming arguendo that retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory, non-discriminatory, and non-harassing business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## TWELFTH DEFENSE

### (Not A Substantial Motivating Factor)

12.     Plaintiff's Complaint and each cause of action alleged therein are barred because her purported protected class(es) were not substantial motivating factors for any of Defendant's conduct or decisions concerning Plaintiff's employment, and Defendant would have taken the legitimate action they did irrespective of Plaintiff's purported disabilities, alleged medical condition, or purported protected conduct.

## THIRTEENTH DEFENSE

### (At-Will Employment)

13.     Defendant alleges that Plaintiff's employment was not for a specified term and thus under California Labor Code section 2922 her employment was terminable at the will of Plaintiff or Defendant such that the exercise of that right cannot give rise to the claims asserted regarding Plaintiff's termination.

## FOURTEENTH DEFENSE

### (Offset)

14.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

68612948v.3

**FIFTEENTH DEFENSE**

**(Setoff and Recoupment)**

15.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**SIXTEENTH DEFENSE**

**(Adequate Legal Remedy)**

16.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

**SEVENTEENTH DEFENSE**

**(Good Faith and Reasonableness)**

17.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.  Moreover, any and all decisions made and actions taken with respect to Plaintiff were in the exercise of proper managerial discretion and are subject to the managerial privilege.

**EIGHTEENTH DEFENSE**

**(Undue Hardship)**

18.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

**NINETEENTH DEFENSE**

**(Failure To Engage In An Interactive Process)**

19.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

5

68612948v.3

**TWENTIETH DEFENSE**

**(Unable to Perform Essential Functions)**

20.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, because of a physical or mental disability, was unable to perform the essential duties of her position with or without reasonable accommodations.

**TWENTY-FIRST DEFENSE**

**(Health and Safety of Plaintiff and Others)**

21.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of her position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

**TWENTY-SECOND DEFENSE**

(**Punitive Damages Unconstitutional**)

22.     Although Defendant denies they have committed or have responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

**TWENTY-THIRD DEFENSE**

(**Failure to State a Claim for Relief for Punitive Damages**)

23.     Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294(a).

**PRAYER FOR RELIEF**

Wherefore, Defendant prays for judgment as follows:

A.     That Plaintiff take nothing by way of her Complaint;

B.     That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.     That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

68612948v.3

D.      Defendant be awarded such other relief as this Court may deem just and proper.

DATED: March 25, 2021                          SEYFARTH SHAW LLP


By: _____
      Orly Z. Elson
      Attorneys for Defendant
      DELAWARE NORTH COMPANIES
      TRAVEL HOSPITALITY SERVICES, INC.

7

68612948v.3

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )

                                    )  SS

COUNTY OF                    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 26, 2021, I served the within document(s):

DEFENDANT DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Henry A. Elyashar                      Sa'id Vakili
Elyashar Law Firm                    Vakili & Leus, LLP
28345 Ventura Blvd., Suite 500        3701 Wilshire Boulevard, Suite 1135
Tarzana, CA 91356-4245             Los Angeles, CA 90010-2822
Tel. (818) 584-2617                  Tel. (213) 380-6010
Fax (818) 705-1076                  Fax (213) 380-6051
henry@elyasharlaw.com           Vakili@vakili.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 26, 2021, at Los Angeles, California.

_Ann Pleasant_
_____
Ann Pleasant

68925564v.1